92 F.3d 1206
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
LUMENYTE INTERNATIONAL CORPORATION, Plaintiff-Appellant,
v.
CABLE LITE CORPORATION, Defendant/Cross-Appellant.
 Nos. 96-1011, 96-1077.
 United States Court of Appeals, Federal Circuit.
 July 9, 1996.
 
 Before RICH, MICHEL and SCHALL, Circuit Judges.
 MICHEL, Circuit Judge.
 
 Decision
 
 1
 Plaintiff Lumenyte International Corporation ("Lumenyte") appeals the September 22, 1995, final judgment of the United States District Court for the Central District of California, Case No. CV-92-6714 MRP, dismissing its infringement claims and holding U.S. Patent Nos. 5,298,327, 5,225,166 and 5,122,580, all patents in suit, unenforceable because of inequitable conduct, as set forth in the Findings of Fact and Conclusions of Law filed on September 15, 1995. Defendant Cable Lite Corporation ("Cable Lite") cross-appeals the unexplained decision of the district court not to declare the case exceptional and award attorney fees under 35 U.S.C. § 285, and requests a remand for further factual findings. The appeal was submitted for decision after oral argument on June 5, 1996. Because the district court's conclusion that inequitable conduct had been proven by clear and convincing evidence is neither based on clearly erroneous findings of fact nor an abuse of discretion, and because, in view of the record support, the district court's decision not to declare the case exceptional under section 285 to support an award of attorney fees was not an abuse of discretion, we affirm.
 
 Inequitable Conduct
 
 2
 "As an equitable issue, inequitable conduct is committed to the discretion of the trial court and is reviewed by this court under an abuse of discretion standard.... 'To overturn a discretionary ruling of a district court, the appellant must establish that the ruling is based upon clearly erroneous findings of fact or a misapplication or misinterpretation of applicable law or that the ruling evidences a clear error of judgment on the part of the district court.' " Kingsdown Med. Consultants, Ltd. v. Hollister Inc., 863 F.2d 867, 876, 9 USPQ2d 1384, 1392 (Fed.Cir.1988) (in banc), cert. denied, 490 U.S. 1067 (1989) (quoting PPG Indus. v. Celanese Polymer Specialities Co.,840 F.2d 1565, 1572, 6 USPQ2d 1010, 1016 (Fed.Cir.1988) (Bissell, J., additional views)); see also General Electro Music Corp. v. Samick Music Corp., 19 F.3d 1405, 1408, 30 USPQ2d 1149, 1151 (Fed.Cir.1994). "Inequitable conduct resides in failure to disclose material information, or submission of false information, with an intent to deceive.... [These] findings on materiality and intent are subject to the clearly erroneous standard of Rule 52(a) Fed.R.Civ.P. ...." Kingsdown, 863 F.2d at 872, 9 USPQ2d at 1389.
 
 
 3
 Lumenyte's patent application, Serial No. 300,202 (the "parent application"), from which all three Lumenyte patents issued, went abandoned on August 4, 1988. In February of 1989, the Patent and Trademark Office ("PTO") granted Lumenyte's petition to revive the parent application, based on the December 30, 1988 declaration of one of the inventors, Dr. Zarian, that the abandonment was inadvertent. The PTO accepted this petition and allowed prosecution to proceed. The district court found that Lumenyte made a "deliberate choice not to file a response to the February 4, 1988 Office Action, thereby allowing the application to go abandoned" which, it noted, cannot be considered an "unintentional abandonment within the meaning of 37 C.F.R. § 1.137(a) or (b)." Thus, the court found that the assertion of inadvertence was false. In addition, because the application would never have matured to issuance without the allegedly false petition, the court found that the petition to revive was highly material. Accordingly, the court held "that Lumenyte acted with (1) intent to deceive and (2) inequitably in submitting the petition to revive claiming unintentional abandonment."
 
 
 4
 Weighing the evidence submitted by the parties, the district court found that the testimony of Lumenyte's various witnesses, to the effect that they did not intend to abandon the application, was not credible in light of the contrary, contemporary, documentary evidence. Instead, the court found that the evidence showed that the application was intentionally abandoned and was revived only after and because Fiber Lite[1] introduced a competing product. In addition, the court found the testimony of Mr. Willford, President of Lumenyte and an attorney for 19 years, that he simply forgot about the important deadline because Lumenyte was acquiring new counsel and he was not conducting the search himself, highly unlikely.
 
 
 5
 The materiality of the petition to revive is not in dispute. However, Lumenyte argues that there was "reasonable, uncontradicted and unimpeached explanations" that it did not intend to abandon the application and that, therefore, the declaration in the petition was not false in stating that the abandonment was inadvertent. Lumenyte relies on the testimony of Mr. Willford, Dr. Zarian, Mr. Rozsa and Mr. Hokanson. Indeed, it argues implicitly that because no witness contradicted their testimony, the testimony must be accepted.
 
 
 6
 Mr. Willford testified that the application was very important to Lumenyte but he forgot about the due date because, after receiving two letters from Mr. Rozsa advising him of the impending abandonment, he assigned the responsibility for finding new counsel to Dr. Zarian. Dr. Zarian testified that he spoke with Mr. Lyon, of Lyon & Lyon, regarding new counsel in May and that someone was supposed to get back to him once a conflicts check was done, that he did not speak with Mr. Hokanson until after the abandonment date, and that he was unaware that a deadline was passing because he did not receive the office action letters from Mr. Rozsa. Mr. Rozsa testified that although he sent the letters, he was not advised to abandon the application and that based on what he heard in court, Lumenyte might have been looking for another attorney at the time. Mr. Hokanson testified that, to the best of his knowledge, company officials never intended to abandon the application.
 
 
 7
 The objective, contemporary, documentary evidence, however, supports the district court's disregard of the testimony and its quite different findings as to the facts:
 
 
 8
 1. Dr. Zarian's notebook clearly stated, "5/19/88 Jon Hokanson, Attorney at Law [Lyon, Lyon] 213-489-1600. He has to get approval from committee--He'll get back to me." This entry indicates that Dr. Zarian actually talked with Mr. Hokanson in May, not, as he testified, after the August abandonment deadline. Further, Mr. Hokanson testified that he worked on another matter for Lumenyte before reviving the abandoned application. This is inconsistent with any stated belief by Lumenyte that, prior to its awareness of Fiber Lite, the application was considered very important.
 
 
 9
 2. Mr. Rozsa, in a letter to Mr. Willford summarizing a prior conversation, stated that "[Mr. Willford] informed me that [he has] decided not to spend any additional money prosecuting the above referenced patent application and that it was [his] desire not to respond to the outstanding office action of February 4, 1988. Therefore, I will not do any further work on this application and it will go abandoned on August 4, 1988." Mr. Rozsa was, therefore, not informed that Lumenyte was seeking other counsel and was, instead, given the explanation that no additional funds were to be spent. This document undermines Mr. Willford's testimony and therefore supports the district court's disregard of it. Moreover, Mr. Rozsa's testimony indicates that it was not until trial that he first received any indication that Lumenyte might not have wanted the application to go abandoned.
 
 
 10
 3. Mr. Hokanson drafted three declarations in May, 1989, admitting that the application was intentionally abandoned but suggesting that the reason was Mr. Rozsa's bad advice on allowability. Mr. Hokanson claims to have made up the declarations without assistance or approval from officials at Lumenyte; however, Dr. Zarian admitted he must have discussed his draft declaration with Mr. Hokanson. Besides, it is inherently implausible that an experienced attorney like Mr. Hokanson would expend that much effort without client input and approval. Cable Lite also points out that, around the same time, In re Maldague, 10 USPQ2d 1477 (Comm'r Pat.1988), issued holding that bad advice from an attorney was not an adequate ground for asserting that an abandonment was inadvertent.
 
 
 11
 4. Dr. Zarian's May 24, 1989, diary entry referring to a meeting with Mr. Hokanson, moreover, stated, "Malpractice: Tom Rozsa" and "Hok[anson] needs affidavit of JZ[Zarian] & JR[Robbins] ..." This entry further supports the inference drawn by the district court that the May, 1989, draft declarations were based on input from Lumenyte witnesses and were an accurate depiction of what truly transpired; namely, that the patent application was intentionally abandoned because, according to Mr. Rozsa, issuance was less than probable.
 
 
 12
 5. Finally, the petition to revive was submitted at about the same time that a threatening letter was sent to Fiber Lite, months after the abandonment.
 
 
 13
 "To satisfy the intent to deceive element of inequitable conduct, 'the involved conduct, viewed in light of all the evidence, including evidence indicative of good faith, must indicate sufficient culpability to require a finding of intent to deceive.' " Paragon Podiatry Lab., Inc. v. KLM Labs., Inc., 984 F.2d 1182, 1189, 25 USPQ2d 1561, 1567 (Fed.Cir.1993) ( quoting Kingsdown, 863 F.2d at 876, 9 USPQ2d at 1392). "However, 'smoking gun' evidence is not required in order to establish intent to deceive.... Rather, this element of inequitable conduct, must generally be inferred from the facts and circumstances surrounding the applicant's overall conduct." Id. at 1189-90, 25 USPQ2d at 1567.
 
 
 14
 The deceptive intent element, in this case, seems properly inferred from the documentary evidence. The Rozsa letters, the May 1989 declarations, and the entries in Dr. Zarian's notebook were properly regarded as providing clear and convincing evidence that Lumenyte intentionally abandoned the patent application when its officers thought that there was little chance for issuance, but revived it after Fiber Lite introduced its competing product and Lumenyte obtained different patent counsel. As to Lumenyte's argument that testimony, though contradicted by documents but not other testimony, must be believed, we merely observe that such is not the law. Accordingly, the decision of the district court that Lumenyte acted inequitably by reviving the abandoned parent application with a false declaration of inadvertence was not an abuse of discretion and is therefore affirmed.
 
 
 15
 Because all three of Lumenyte's patents were held to be unenforceable because of inequitable conduct committed in reviving the abandoned parent application, it is unnecessary for this court to address whether the district court abused its discretion in holding the same patents also unenforceable for inequitable conduct it found committed by Lumenyte in submitting false declarations to the examiner and failing to disclose certain prior art. Thus, we do not reach those issues.
 
 Exceptional Case
 
 16
 After listing its factual findings and determining that all three patents-in-suit were unenforceable due to inequitable conduct, the district court simply stated in its last Conclusion of Law that "[t]he Court does not find the case exceptional under 35 U.S.C. § 285." A case may be deemed by a district court exceptional or not at its discretion. Pennwalt Corporation v. Akzona Inc., 740 F.2d 1573, 1582, 222 USPQ 833, 839 (Fed.Cir.1984). Cable Lite argues that, after holding the patents unenforceable for inequitable conduct on three separate grounds, the district court abused its discretion by declining to rule the case exceptional without any explanation.
 
 
 17
 The Federal Circuit has determined that remand is required where willful infringement is found and there is no basis upon which to review the district court's conclusion that a case is not exceptional. Fromson v. Western Litho Plate and Supply Co., 853 F.2d 1568, 1573, 7 USPQ2d 1606, 1611 (Fed.Cir.1988) (remand was required because the district court found willful infringement and denied attorney fees in a single sentence, without even referring to 35 U.S.C. § 285). The same principles apply to a holding of inequitable conduct. See Consolidated Aluminum Corp. v. Foseco Int'l Ltd., 910 F.2d 804, 15 USPQ2d 1481 (Fed.Cir.1990).
 
 
 18
 However, a district court has broad discretion in determining whether to declare a case exceptional, and thus, this court will affirm the lower court's decision if there is an adequate basis in the record for concluding that such decision was within the range of reasonableness, even if that basis is not specifically articulated by the district court. "A remand, with its accompanying expenditure of additional judicial resources in a case thought to be completed, is a step not lightly taken and one that should be limited to cases in which further action must be taken by the district court or in which the appellate court has no way open to it to affirm or reverse the district court's action under review." Id. at 814, 15 USPQ2d at 1488.
 
 
 19
 Although the district court adjudged that there was inequitable conduct, it is clear from the record that the underlying issues were complex and the facts were highly contested with conflicting evidence by the parties. Lumenyte introduced extensive testimony to support its position and the final result was far from clear. In addition, unlike the lower court in Fromson, the district court in this case cited 35 U.S.C. § 285. Accordingly, despite the lack of full explanation, the decision of the district court not to declare the case exceptional was not an abuse of discretion and is therefore affirmed.
 
 Conclusion
 
 20
 The judgment of dismissal is affirmed since there can be no liability for infringement of patents that have been properly held unenforceable.
 
 Costs
 
 21
 Each party is to bear its own costs.
 
 
 
 [1]
 Fiber Lite later became Cable Lite